JAMES R. FROCCARO, JR.
Attorney at Law
20 Vanderventer Avenue, Suite 103W
Port Washington, NY 11050
telephone: (516) 944-5062
fax: (516) 944-5066
email: JRFESQ61@aol.com

April 16, 2012

BY ECF
Hon. Nicholas G. Garaufis
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: United States v. Manny Bana
09 Cr 672 (NGG)

Dear Judge Garaufis:

This letter is submitted on behalf of defendant Manny Bana in anticipation of his sentencing before Your Honor at 10:30 a.m. on April 20, 2012. By this letter, I am respectfully asking Your Honor to sentence Mr. Bana to an alternative to incarceration. Significantly, the government will not oppose this request at Mr. Bana's sentencing.

After extensive negotiations with the government, Mr. Bana pled guilty to Count Fifteen of the Indictment which charged him with conspiring with others to collect an extension of credit from John Doe #1 through the use of extortionate means. Mr. Bana was not charged in the racketeering counts of the Indictment.

1

As set forth in the Presentence Investigation Report ("PSR"), sometime between May 2004 and December 2005, Mr. Bana contributed $12,500 of the $42,500 borrowed by John Doe #1, with the understanding that extortionate means could be used to collect these monies. Mr. Bana was not involved with the collection of this debt thereafter, and he was never paid any portion of the $12,500 contributed by him, including any interest payments thereon. Mr. Bana's involvement ended in the year 2005, even though the conspiracy continued on with others until November 17, 2008.

Mr. Bana's Plea Agreement with the government has an estimated advisory U.S. Sentencing Guidelines imprisonment range of 8-14 months, based upon a Total Offense Level of 10 and Criminal History Category II.[1] A sentence of probation is specifically authorized by the Guidelines when the applicable range is within the 8-14 month range or Zone B of the Sentencing Table.[2] See Guideline 5B1.1(a)(2) and (b)(1).

While a sentence of probation is specifically authorized by the Guidelines, I know Your Honor is aware that the Guidelines are now advisory and a factor for the Court to consider in formulating a reasonable sentence under Title 18 USC 3553(a). I also know that Your

---

[1] The only discrepancies between the Guidelines calculation in the parties Plea Agreement and the Presentence Investigation Report ("PSR") are as follows: the Plea Agreement has a 3 level reduction under Section 2X3.1, the PSR does not; the Plea Agreement has a 4 level reduction for a minimal role, but the PSR has a 2 level reduction for a minor role; and the Total Offense level in the Plea Agreement is a level 10 and the Total Offense Level in the PSR is a level 14. Both the government and defense are asking that Mr. Bana be sentenced in accordance with the estimate provided in the Plea Agreement.

[2] According to the most recent advisory Guidelines Manual, for offense level 10, the Court may substitute probation for a prison term, but the probation must include confinement conditions (community confinement, intermittent confinement, or home detention).

Honor is familiar with Gall v. United States, 128 S.Ct. 595, 602 (2007), where the U.S. Supreme emphasized that 3553(a) specifically "directs judges to consider sentences other than imprisonment." And, that a probationary sentence can be structured to amount to a "substantial restriction of freedom" and meet all of the purposes of sentencing."[3]

 Since his release on bail in October of 2009, Mr. Bana has at all times been compliant with the terms of his release and gainfully employed. Mr. Bana and his long-time companion, Debra Ciaburri, have four young children together, a daughter Isabella (age 10), a son Michael (age 7), a daughter Kayla (age 4) and a son John (age six-months). Included herewith is a letter to Your Honor from Ms. Ciaburri. Mr. Bana is by all accounts, a very-hard worker and devoted family man, who is sorely needed by his loved ones. The Probation Department has identified Mr. Bana's family circumstances as a mitigating factor for Your Honor to consider at Mr. Bana's sentencing. And, as stated previously, the government will not oppose a no-jail sentence under the facts and circumstances of Mr. Bana's particular case.

 For all of the foregoing reasons, I am respectfully asking Your Honor to sentence Mr. Bana to an alternative to incarceration here.

        Respectfully submitted,
          /JRF/
        James R. Froccaro, Jr.

JRF:tp
Encl.

---

[3] In Gall, the U.S. Supreme Court upheld as "reasonable" under 3553(a), a sentence of probation imposed upon defendant Brian Gall, where Gall pled guilty to participating in an enterprise that distributed ecstasy throughout the community, and the applicable advisory Guideline imprisonment range in his case was 30-37 months.

April 13, 2012

Hon. Nicholas G. Garaufis
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Dear Judge Garaufis:

My name is Debra Ciaburri and I am the long-time companion of Manny Bana. Manny and I have been together now for many years and we have four beautiful young children together – a daughter Isabella, age 10, a son Michael, age 7, a daughter Kayla, age 4, and a son John, who is just six months old.

I write to Your Honor to seek leniency on Manny's behalf. I want Your Honor to know that Manny is very sorry for his involvement. He has been on the straight and narrow for many years now, but his past came back to haunt him. He is presently gainfully employed, and he has been gainfully employed for a number of years.

Manny's priorities are all in the right place now. The focus of his entire life has been on work and providing for and being a part of our now large family unit. Manny is devoted to our children. Aside from being the primary wage earner in our family, Manny devotes all of his free time to our children. He loves and adores the children, and they love and adore him right back. If he were sent to prison, not only would he lose his job, but the kids would be lost without him. And, quite frankly, I, too, would also be lost without him.

Please do not send Manny to prison.

Sincerely,

Debra M. Ciaburri